1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs PATRICK CONNALLY
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS

**FILED**

MAY   2 2008

E-filing  RICHARD W. WIEKING
         CLERK, U.S. DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA

8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

                                                   EMC

11  PATRICK CONNALLY, an individual; and )   CASE NO.
    DISABILITY RIGHTS, ENFORCEMENT, )    Civil Rights        08        2292
12  EDUCATION, SERVICES:HELPING YOU )
    HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
13  corporation,                           )  **AND DAMAGES:**
                                           )
14         Plaintiffs,                     )  **1st CAUSE OF ACTION:** For Denial of Access
                                           )  by a Public Accommodation in Violation of the
15  v.                                     )  Americans with Disabilities Act of 1990 (42
                                           )  U.S.C. §12101, *et seq.*)
16  DEPOT GARDEN CAFE; FRANK               )
    ANNICELLI; NAM DOO CHUNG and           )  **2nd CAUSE OF ACTION:** For Denial of Full
17  NAN KWANG CHUNG, individuals dba        )  and Equal Access in Violation of California
    DEPOT GARDEN CAFE,                     )  Civil Code §§54, 54.1 and 54.3
18                                         )
           Defendants.                     )  **3rd CAUSE OF ACTION:** For Denial of
19                                         )  Accessible Sanitary Facilities in Violation of
                                              California Health & Safety Code §19955, *et seq.*
20
                                              **4th CAUSE OF ACTION:** For Denial of
21                                            Access to Full and Equal Accommodations,
                                              Advantages, Facilities, Privileges and/or
22                                            Services in Violation of California Civil Code
                                              §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                            **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                              1

1    Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,
2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California
3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of
4  defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG,
5  individuals dba DEPOT GARDEN CAFE and allege as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical
8  disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are
9  members, for failure to remove architectural barriers structural in nature at defendants' DEPOT
10  GARDEN CAFE, a place of public accommodation, thereby discriminatorily denying plaintiffs
11  and the class of other similarly situated persons with physical disabilities access to, the full and
12  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,
13  and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the
14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or
17  about November 28, 2007, December 27, 2007, March 11, 2008, March 19, 2008 and April 1,
18  2008, was an invitee, guest, patron, customer at defendants' DEPOT GARDEN CAFE, in the
19  City of San Rafael, California.  At said time and place, defendants failed to provide proper legal
20  access to the DEPOT GARDEN CAFE, which is a "public accommodation" and/or a "public
21  facility" including, but not limited to front entrance, directional signage, rear entrance, unisex
22  restroom, side entrance gate and rear building entrance path of travel.  The denial of access was
23  in violation of both federal and California legal requirements, and plaintiff PATRICK
24  CONNALLY suffered violation of his civil rights to full and equal access, and was embarrassed
25  and humiliated.

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | **JURISDICTION AND VENUE:**

2 | 3.    **Jurisdiction:**    This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 | §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4 | Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 | nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 | California law, whose goals are closely tied with the ADA, including but not limited to violations

7 | of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 | *seq.*, including §19959; Title 24 California Building Standards Code.

9 | 4.    **Venue:**    Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 | founded on the facts that the real property which is the subject of this action is located at/near

11 | 718 "B" Street, in the City of San Rafael, County of Marin, State of California, and that

12 | plaintiffs' causes of action arose in this county.

13 | **PARTIES:**

14 | 5.    Plaintiff PATRICK CONNALLY is a "physically handicapped person", a

15 | "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

16 | "physically disabled", "physically handicapped" and "person with physical disabilities" are used

17 | interchangeably, as these words have similar or identical common usage and legal meaning, but

18 | the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 | handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

20 | statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 | PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable

22 | California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in

23 | upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK

24 | CONNALLY requires the use of a wheelchair to travel about in public. Consequently, plaintiff

25 | PATRICK CONNALLY is a member of that portion of the public whose rights are protected by

26 | the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

27 | ///

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1   Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil
2   Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the
3   Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

4       6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
5   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
6   with persons with disabilities to empower them to be independent in American society.  DREES
7   accomplishes its goals and purposes through education on disability issues, enforcement of the
8   rights of persons with disabilities, and the provision of services to persons with disabilities, the
9   general public, public agencies and the private business sector.  DREES brings this action on
10  behalf of its members, many of whom are persons with physical disabilities and whom have
11  standing in their right to bring this action.

12      7.      That members of DREES, like plaintiff PATRICK CONNALLY, will or have
13  been guests and invitees at the subject DEPOT GARDEN CAFE, and that the interests of
14  plaintiff DREES in removing architectural barriers at the subject DEPOT GARDEN CAFE
15  advance the purposes of DREES to assure that all public accommodations, including the subject
16  building, are accessible to independent use by mobility-impaired persons.  The relief sought by
17  plaintiff DREES as alleged herein is purely statutory in nature.

18      8.      Defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG
19  CHUNG, individuals dba DEPOT GARDEN CAFÉ (hereinafter alternatively collectively
20  referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the
21  owners, lessors and/or lessees, of the public accommodation known as DEPOT GARDEN
22  CAFE, located at/near 718 "B" Street, San Rafael, California, or of the building and/or buildings
23  which constitute said public accommodation.

24      9.      At all times relevant to this complaint, defendants FRANK ANNICELLI; NAM
25  DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, own
26  and operate in joint venture the subject DEPOT GARDEN CAFE as a public accommodation.
27  This business is open to the general public and conducts business therein.  The business is a
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1  "public accommodation" or "public facility" subject to the requirements of California Civil Code

2  §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.*, and the ADA, 42 U.S.C.

3  §12101, *et seq.*

4      10.    At all times relevant to this complaint, defendants FRANK ANNICELLI; NAM

5  DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE are

6  jointly and severally responsible to identify and remove architectural barriers at the subject

7  DEPOT GARDEN CAFE pursuant to Code of Federal Regulations title 28, section 36.201(b),

8  which states in pertinent part:

9          **§ 36.201      General**

10             (b) *Landlord and tenant responsibilities.* Both the landlord
               who owns the building that houses a place of public
11             accommodation and the tenant who owns or operates the place of
               public accommodation are public accommodations subject to the
12             requirements of this part.  As between the parties, allocation of
               responsibility for complying with the obligations of this part may
13             be determined by lease or other contract.

14          28 CFR §36.201(b)

15  **PRELIMINARY FACTUAL ALLEGATIONS:**

16      11.    The DEPOT GARDEN CAFE, is a restaurant, located at/near 718 "B" Street, San

17  Rafael, California.  The DEPOT GARDEN CAFE, its front entrance, directional signage, rear

18  entrance, unisex restroom, side entrance gate and rear building entrance path of travel, and its

19  other facilities are each a "place of public accommodation or facility" subject to the barrier

20  removal requirements of the Americans with Disabilities Act.  On information and belief, each

21  such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions",

22  each of which has subjected the DEPOT GARDEN CAFE and each of its facilities, its front

23  entrance, directional signage, rear entrance, unisex restroom, side entrance gate and rear building

24  entrance path of travel to disability access requirements per the Americans with Disabilities Act

25  Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

26  ///

27  ///

28  ///

1       12.     At all times stated herein, plaintiff PATRICK CONNALLY was a member of

2   DREES.

3       13.     At all times referred to herein and continuing to the present time, defendants, and

4   each of them, advertised, publicized and held out the DEPOT GARDEN CAFE as being

5   handicapped accessible and handicapped usable.

6       14.     On or about November 28, 2007, December 27, 2007, March 11, 2008, March 19,

7   2008 and April 1, 2008, plaintiff PATRICK CONNALLY was an invitee and guest at the subject

8   DEPOT GARDEN CAFÉ, for purposes of food and beverages.

9       15.     On or about November 28, 2007, plaintiff PATRICK CONNALLY wheeled to the

10  front of the DEPOT GARDEN CAFÉ. Plaintiff PATRICK CONNALLY was unable to enter

11  due to narrow doors and a step. Plaintiff PATRICK CONNALLY tried to get the attention of an

12  employee. A patron saw plaintiff PATRICK CONNALLY and summoned the waiter to the door.

13  The waiter told plaintiff PATRICK CONNALLY to go around the building, down the alley to a

14  side gate. The young Asian waiter came to the side gate and opened it for plaintiff PATRICK

15  CONNALLY. The path of travel to the rear doors was difficult. The doors themselves could not

16  be opened with the configured landing.

17      16.     At said time and place, plaintiff PATRICK CONNALLY had breakfast and

18  needed to use the restroom. The unisex restroom was quite large but a table blocked access to

19  the water closet. Plaintiff PATRICK CONNALLY had to attempt a frontal transfer stressing and

20  straining himself in the process. Plaintiff PATRICK CONNALLY was also unable to use the

21  lavatory because it was in a closet.

22      17.     On or about December 27, 2007, plaintiff PATRICK CONNALLY returned to the

23  DEPOT GARDEN CAFÉ. Plaintiff PATRICK CONNALLY went to the front of the restaurant

24  and waved to the young male waiter. The waiter motioned for plaintiff PATRICK CONNALLY

25  to come around to the rear side entrance. Plaintiff PATRICK CONNALLY did so. Plaintiff

26  PATRICK CONNALLY encountered the same barriers leading into the rear entrance doors.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1      18.    At said time and place, plaintiff PATRICK CONNALLY had breakfast and then
2 wheeled to the unisex restroom. Plaintiff PATRICK CONNALLY chose not to attempt to use it
3 due to the barriers.

4      19.    On or about March 11, 2008, plaintiff PATRICK CONNALLY returned to the
5 DEPOT GARDEN CAFÉ. Plaintiff PATRICK CONNALLY wheeled to the rear side gate and
6 attempted to open it. Plaintiff PATRICK CONNALLY was unable to do so as the gate (as on
7 previous occasions) appeared to be falling off its hinges, drooped and had a snap/buckle release
8 that is connected at times to eye hooks. The young Asian waiter then came out and opened the
9 gate. Plaintiff PATRICK CONNALLY encountered the same path of travel and rear door
10 entrance problems as on previous occasions.

11      20.    At said time and place, plaintiff PATRICK CONNALLY after breakfast went to
12 the restroom. It was still inaccessible. Plaintiff PATRICK CONNALLY encountered the same
13 barriers.

14      21.    On or about March 13, 2008, plaintiff PATRICK CONNALLY wrote both the
15 landlord and tenant concerning the access issues. Plaintiff PATRICK CONNALLY never
16 received a response.

17      22.    On or about March 19, 2008, plaintiff PATRICK CONNALLY once again
18 patronized the DEPOT GARDEN CAFÉ. Plaintiff PATRICK CONNALLY's attendant opened
19 the side gate for plaintiff PATRICK CONNALLY. Plaintiff PATRICK CONNALLY entered the
20 rear patio area but had to get the attention of the young male waiter to open the rear double doors.

21      23.    At said time and place, as plaintiff PATRICK CONNALLY came to the rear
22 doors, he was approached by the young Asian male who was on duty at the DEPOT GARDEN
23 CAFÉ. This young man inquired whether plaintiff PATRICK CONNALLY was the fellow
24 writing the letters. Plaintiff PATRICK CONNALLY responded in substance, that he was. The
25 young man went on to state in substance, that a sign would be placed on the front door informing
26 wheelchair users to use the rear side gate to access the restaurant, that the Health Department
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1  stated the restrooms was compliant and that due to the historic nature of the building, that the
2  landlord saw no need to fix the rear side gate that leads into the restaurant or make any other
3  improvements.

4      24.    At said time and place, plaintiff PATRICK CONNALLY was further informed
5  that the rear side gate was a service entrance that plaintiff PATRICK CONNALLY should use.
6  Plaintiff PATRICK CONNALLY was informed that a directional sign would be placed at the
7  front entrance directing the disabled to the rear side gate entrance.  Plaintiff PATRICK
8  CONNALLY was also told that he should call ahead to have the gate opened for him.  Plaintiff
9  PATRICK CONNALLY simply listened and wanted to preclude any argument and asked that he
10  have breakfast.

11      25.    On or about April 1, 2008, plaintiff PATRICK CONNALLY returned to the
12  DEPOT GARDEN CAFÉ.  At the front entrance to DEPOT GARDEN CAFÉ, was an 8 ½ x11"
13  piece of paper with writing stating: "Wheelchair Access in Rear."  Plaintiff PATRICK
14  CONNALLY wheeled to the rear entrance.  The gate was still in disrepair.  Plaintiff PATRICK
15  CONNALLY had to have the gate opened for him.  Plaintiff PATRICK CONNALLY entered
16  and encountered all of the same barriers as on prior occasions: barriers to rear entry and
17  inaccessible unisex restroom.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    26.    Therefore, at said times and place, plaintiff PATRICK CONNALLY, a person

2    with a disability, encountered the following inaccessible elements of the subject DEPOT

3    GARDEN CAFÉ, which constituted architectural barriers and a denial of the proper and legally-

4    required access to a public accommodation to persons with physical disabilities including, but

5    not limited to:

6              a.    lack of directional signage to show accessible routes of travel i.e
                     entrances;
7
              b.    lack of an accessible entrance;
8
              c.    lack of a handicapped-accessible unisex public restroom;
9
              d.    lack of a rear side gate entrance;
10
              e.    lack of an accessible rear door entrance to the building itself and lack of
11                   level landing;
12            f.    on personal knowledge, information and belief, other public facilities and
                     elements too numerous to list were improperly inaccessible for use by
13                   persons with physical disabilities.

14    27.    At all times stated herein, the existence of architectural barriers at defendants'

15    place of public accommodation evidenced "actual notice" of defendants' intent not to comply

16    with the Americans with Disabilities Act of 1990 either then, now or in the future.

17    28.    On or about March 13, 2008, defendants were sent two (2) letters by or on behalf

18    of plaintiff PATRICK CONNALLY advising of the existence of architectural barriers, requesting

19    a response within 14 days and requesting remedial measures be undertaken within 90 days or an

20    explanation of why the time limit set could not be met and/or extenuating circumstances. Said

21    letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

22    fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in

23    an early and reasonable resolution of the matter.

24    29.    At all times stated herein, defendants, and each of them, did not act as reasonable

25    and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

26    removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONALLY

27    from receiving the same goods and services as able bodied people and some of which may and did

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1  pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result
2  of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
3  bodily injury.

4        30.    As a legal result of defendants FRANK ANNICELLI; NAM DOO CHUNG and
5  NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE's failure to act as a
6  reasonable and prudent public accommodation in identifying, removing or creating architectural
7  barriers, policies, practices and procedures that denied access to plaintiffs and other persons with
8  disabilities, plaintiffs suffered the damages as alleged herein.

9        31.    As a further legal result of the actions and failure to act of defendants, and as a
10  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
11  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
12  PATRICK CONNALLY suffered a loss of his civil rights and his rights as a person with physical
13  disabilities to full and equal access to public facilities, and further suffered bodily injury on or
14  about November 28, 2007, including, but not limited to, fatigue, stress, strain and pain in
15  wheeling and attempting to and/or transferring up, on, down, to, over, around and through
16  architectural barriers. Specifically, as a legal result of defendants' negligence in the design,
17  construction and maintenance of the existing unisex restroom by the placement of a table which
18  blocks the water closet, plaintiff suffered continuous, repetitive and cumulative trauma to his left
19  upper extremities while attempting to conduct a front pivot transfer.

20        33.    Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental
21  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,
22  humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally
23  associated with a person with physical disabilities being denied access, all to his damages as
24  prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for
25  mental and emotional distress over and above that usually associated with the discrimination and
26  physical injuries claimed, and no expert testimony regarding this usual mental and emotional
27  distress will be presented at trial in support of the claim for damages.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   34.   Defendants', and each of their, failure to remove the architectural barriers
2   complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said
3   public accommodation, and continues to create continuous and repeated exposure to substantially
4   the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as
5   stated herein.

6   35.   Plaintiff PATRICK CONNALLY and the membership of DREES were denied
7   their rights to equal access to a public facility by defendants FRANK ANNICELLI; NAM DOO
8   CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFÉ, because
9   defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG,
10   individuals dba DEPOT GARDEN CAFÉ maintained a restaurant without access for persons with
11   physical disabilities to its facilities, including but not limited to the front entrance, directional
12   signage, rear entrance, unisex restroom, side entrance gate and rear building entrance path of
13   travel, and other public areas as stated herein, and continue to the date of filing this complaint to
14   deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

15   36.   On information and belief, construction alterations carried out by defendants have
16   also triggered access requirements under both California law and the Americans with Disabilities
17   Act of 1990.

18   37.   Plaintiffs, as described hereinbelow, seek injunctive relief to require the DEPOT
19   GARDEN CAFE to be made accessible to meet the requirements of both California law and the
20   Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
21   operate the DEPOT GARDEN CAFE as a public facility.

22   38.   Plaintiffs seek damages for violation of their civil rights on November 28, 2007,
23   December 27, 2007, March 11, 2008, March 19, 2008 and April 1, 2008 and they seek statutory
24   damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
25   Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the
26   date that some or all remedial work should have been completed under the standard that the
27   landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
28   ///

1 readily achievable to do so, which deterred plaintiff PATRICK CONNALLY from returning to
2 the subject public accommodation because of his knowledge and/or belief that neither some or all
3 architectural barriers had been removed and that said premises remains inaccessible to persons
4 with disabilities whether a wheelchair user or otherwise.

5     39.    On information and belief, defendants have been negligent in their affirmative duty
6 to identify the architectural barriers complained of herein and negligent in the removal of some or
7 all of said barriers.

8     40.    Because of defendants' violations, plaintiffs and other persons with physical
9 disabilities are unable to use public facilities such as those owned and operated by defendants on a
10 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
11 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
12 other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
13 defendants to make the DEPOT GARDEN CAFE accessible to persons with disabilities.

14     41.    On information and belief, defendants have intentionally undertaken to modify and
15 alter existing building(s), and have failed to make them comply with accessibility requirements
16 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
17 of them, in failing to provide the required accessible public facilities at

18 the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and
19 despicable conduct carried out by defendants, and each of them, with a willful and conscious
20 disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a
21 trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
22 profound example of defendants, and each of them, to other operators of other restaurants and
23 other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
24 §§ 51, 51.5 and 54.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1          42.    Plaintiffs are informed and believe and therefore allege that defendants FRANK
2   ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT
3   GARDEN CAFE, and each of them, caused the subject building(s) which constitute the DEPOT
4   GARDEN CAFÉ to be constructed, altered and maintained in such a manner that persons with
5   physical disabilities were denied full and equal access to, within and throughout said building(s)
6   of the DEPOT GARDEN CAFÉ and were denied full and equal use of said public facilities.
7   Furthermore, on information and belief, defendants have continued to maintain and operate said
8   restaurant and/or its building(s) in such conditions up to the present time, despite actual and
9   constructive notice to such defendants that the configuration of the DEPOT GARDEN CAFÉ
10  and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as
11  plaintiff PATRICK CONNALLY, the membership of plaintiff DREES and the disability
12  community which DREES serves.  Such construction, modification, ownership, operation,
13  maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and
14  54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

15         43.    On personal knowledge, information and belief, the basis of defendants' actual and
16  constructive notice that the physical configuration of the facilities including, but not limited to,
17  architectural barriers constituting the DEPOT GARDEN CAFÉ and/or building(s) was in
18  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is
19  not limited to, communications with invitees and guests, plaintiff PATRICK CONNALLY
20  himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from
21  governmental agencies upon modification, improvement, or substantial repair of the subject
22  premises and other properties owned by these defendants, newspaper articles and trade
23  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
24  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
25  other similar information.  Defendants' failure, under state and federal law, to make the DEPOT
26  GARDEN CAFÉ accessible is further evidence of defendants' conscious disregard for the rights
27  of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  effect on plaintiff and other persons with physical disabilities due to the lack of accessible
2  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
3  rectify the situation and to provide full and equal access for plaintiffs and other persons with
4  physical disabilities to the DEPOT GARDEN CAFE.  Said defendants, and each of them, have
5  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with
6  physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants
7  had further actual knowledge of the architectural barriers referred to herein by virtue of the
8  demand letter addressed to the defendants and served concurrently with the summons and
9  complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other
10  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
11  rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of
12  treble damages per Civil Code §§52 and 54.3.

13      44.     Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its
14  membership and the disability community which it serves, consisting of persons with disabilities,
15  would, could and will return to the subject public accommodation when it is made accessible to
16  persons with disabilities.

17  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
18      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
19      ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
        California public benefit corporation and Against Defendants FRANK ANNICELLI;
20      NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN
        CAFE, inclusive)
21      (42 U.S.C. §12101, *et seq.*)

22      45.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
23  allegations contained in paragraphs 1 through 44 of this complaint.

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    46.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2    §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3    protect:

4            some 43 million Americans with one or more physical or mental
        disabilities; [that] historically society has tended to isolate and
5            segregate individuals with disabilities; [that] such forms of
        discrimination against individuals with disabilities continue to be a
6            serious and pervasive social problem; [that] the nation's proper
        goals regarding individuals with disabilities are to assure equality of
7            opportunity, full participation, independent living and economic
        self-sufficiency for such individuals; [and that] the continuing
8            existence of unfair and unnecessary discrimination and prejudice
        denies people with disabilities the opportunity to compete on an
9            equal basis and to pursue those opportunities for which our free
        society is justifiably famous.

10    47.    Congress stated as its purpose in passing the Americans with Disabilities Act of

11    1990 (42 U.S.C. §12102):

12            It is the purpose of this act (1) to provide a clear and comprehensive
        national mandate for the elimination of discrimination against
13            individuals with disabilities; (2) to provide clear, strong, consistent,
14            enforceable standards addressing discrimination against individuals
        with disabilities; (3) to ensure that the Federal government plays a
15            central role in enforcing the standards established in this act on
        behalf of individuals with disabilities; and (4) to invoke the sweep
16            of Congressional authority, including the power to enforce the 14th
        Amendment and to regulate commerce, in order to address the
17            major areas of discrimination faced day to day by people with
        disabilities.

18    48.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

19    (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

20    Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

21    accommodations identified for purposes of this title was:

22            (7)    PUBLIC ACCOMMODATION - The following private
23            entities are considered public accommodations for purposes of this
        title, if the operations of such entities affect commerce -

24                (B) a restaurant, bar or other establishment serving food or
25            drink.

26    42 U.S.C. §12181(7)(B)

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

49.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

50.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
accommodations, unless such criteria can be shown to be necessary
for the provision of the goods, services, facilities, privileges,
advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

§51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    51.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of DEPOT
3  GARDEN CAFE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if
4  the removal of all the barriers complained of herein together was not "readily achievable," the
5  removal of each individual barrier complained of herein was "readily achievable." On
6  information and belief, defendants' failure to remove said barriers was likewise due to
7  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9    52.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10  accomplishable and able to be carried out without much difficulty or expense." The statute
11  defines relative "expense" in part in relation to the total financial resources of the entities
12  involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that
13  plaintiffs complain of herein were and are "readily achievable" by the defendants under the
14  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16  make the required services available through alternative methods which were readily achievable.

17    53.    On information and belief, construction work on, and modifications of, the subject
18  building(s) of DEPOT GARDEN CAFE occurred after the compliance date for the Americans
19  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title
20  III of the ADA.

21    54.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
24  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
25  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
26  returning to or making use of the public facilities complained of herein so long as the premises
27  and defendants' policies bar full and equal use by persons with physical disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    55.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
2  disability to engage in a futile gesture if such person has actual notice that a person or
3  organization covered by this title does not intend to comply with its provisions". Pursuant to this
4  section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or
5  about April 1, 2008, but on information and belief, alleges that defendants have continued to
6  violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to
7  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
9  facilities readily accessible to and usable by individuals with disabilities to the extent required by
10 this title".

11    56.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
13 the Americans with Disabilities Act of 1990, including but not limited to an order granting
14 injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
15 deemed to be the prevailing party.

16      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

17 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
     IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
18      (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
        ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
19      California public benefit corporation, and Against Defendants FRANK ANNICELLI;
        NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN
20      CAFE, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.)*
21
        57.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the
22
     allegations contained in paragraphs 1 through 56 of this complaint.
23
        58.    At all times relevant to this action, California Civil Code §54 has provided that
24
     persons with physical disabilities are not to be discriminated against because of physical handicap
25
     or disability. This section provides that:
26
               (a) Individuals with disabilities . . . have the same rights as
27             the general public to full and free use of the streets, highways,
               sidewalks, walkways, public buildings, medical facilities, including
28             hospitals, clinics, and physicians' offices, and other public places.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    59.    California Civil Code §54.1 provides that persons with disabilities shall not be

2  denied full and equal access to places of public accommodation or facilities:

3                    (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
4                accommodations, advantages, facilities, medical facilities, including
                hospitals, clinics, and physicians' offices, and privileges of all
5                common carriers, airplanes, motor vehicles, railroad trains,
                motorbuses, streetcars, boats, or any other public conveyances or
6                modes of transportation (whether private, public, franchised,
                licensed, contracted, or otherwise provided), telephone facilities,
7                adoption agencies, private schools, hotels, lodging places, places of
                public accommodation, amusement or resort, and other places to
8                which the general public is invited, subject only to the conditions
                and limitations established by law, or state or federal regulation, and
9                applicable alike to all persons.

10            Civil Code §54.1(a)(1)

11    60.    California Civil Code §54.1 further provides that a violation of the Americans with

12  Disabilities Act of 1990 constitutes a violation of section 54.1:

13                    (d) A violation of the right of an individual under the
                Americans with Disabilities Act of 1990 (Public Law 101-336) also
14                constitutes a violation of this section, and nothing in this section
                shall be construed to limit the access of any person in violation of
15                that act.

16            Civil Code §54.1(d)

17    61.    Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are

18  persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and

19  violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each

20  specific architectural barrier which defendants knowingly and willfully fail and refuse to remove

21  constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

22  continue to be denied full and equal access to defendants' DEPOT GARDEN CAFE .  As a legal

23  result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

24  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  deterred from visiting the DEPOT GARDEN CAFE because of their knowledge and belief that

2  the DEPOT GARDEN CAFE is inaccessible to persons with disabilities.  California Civil Code

3  §54.3(a) provides:

4          Any person or persons, firm or corporation, who denies or interferes
           with admittance to or enjoyment of the public facilities as specified
5          in Sections 54 and 54.1 or otherwise interferes with the rights of an
           individual with a disability under Sections 54, 54.1 and 54.2 is
6          liable for each offense for the actual damages and any amount as
           may be determined by a jury, or the court sitting without a jury, up
7          to a maximum of three times the amount of actual damages but in
           no case less than . . .one thousand dollars ($1,000) and . . .
8          attorney's fees as may be determined by the court in addition
           thereto, suffered by any person denied any of the rights provided in
9          Sections 54, 54.1 and 54.2.

10         Civil Code §54.3(a)

11     62.    On or about November 28, 2007, December 27, 2007, March 11, 2008, March 19,

12  2008 and April 1, 2008, plaintiff PATRICK CONNALLY suffered violations of Civil Code §§54

13  and 54.1 in that plaintiff PATRICK CONNALLY was denied access to front entrance, directional

14  signage, rear entrance, unisex restroom, side entrance gate and rear building entrance path of

15  travel and other public facilities as stated herein at the DEPOT GARDEN CAFE and on the basis

16  that plaintiff PATRICK CONNALLY was a person with physical disabilities.

17     63.    As a result of the denial of equal access to defendants' facilities due to the acts and

18  omissions of defendants, and each of them, in owning, operating and maintaining these subject

19  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

20  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff PATRICK CONNALLY suffered

21  physical discomfort, bodily injury on or about November 28, 2007, including, but not limited to,

22  fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,

23  over, around and through architectural barriers.  Specifically, as a legal result of defendants

24  negligence in the design, construction and maintenance of the existing unisex restroom, plaintiff

25  PATRICK CONNALLY  suffered continuous, repetitive and cumulative trauma to his extremities

26  while attempting to conduct a front pivot transfer.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    64.    Further, plaintiff PATRICK CONNALLY suffered mental distress, mental
2  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
3  disappointment and worry, all of which are expectedly and naturally associated with a denial of
4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
6  basis that plaintiffs are persons or an entity that represents persons with physical disabilities and
7  unable, because of the architectural barriers created and maintained by the defendants in violation
8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
9  other persons.

10    65.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
11  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
12  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
13  about November 28, 2007, December 27, 2007, March 11, 2008, March 19, 2008 and April 1,
14  2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual
15  damages, general and special damages available pursuant to §54.3 of the Civil Code according to
16  proof.

17    66.    As a result of defendants', and each of their, acts and omissions in this regard,
18  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
19  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
20  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
21  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit
22  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
23  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
24  to compel the defendants to make their facilities accessible to all members of the public with
25  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
26  the provisions of §1021.5 of the Code of Civil Procedure.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
   **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3    (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
     ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4    California public benefit corporation and Against Defendants FRANK ANNICELLI;
     NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN
5    CAFÉ inclusive)
     (Health & Safety Code §19955, *et seq.*)
6
     67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
7
   allegations contained in paragraphs 1 through 73 of this complaint.
8
     68.    Health & Safety Code §19955 provides in pertinent part:
9
            The purpose of this part is to insure that public accommodations or
10          facilities constructed in this state with private funds adhere to the
            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
11          of Title 1 of the Government Code.  For the purposes of this part
            "public accommodation or facilities" means a building, structure,
12          facility, complex, or improved area which is used by the general
            public and shall include auditoriums, hospitals, theaters, restaurants,
13          hotels, motels, stadiums, and convention centers.  When sanitary
            facilities are made available for the public, clients or employees in
14          such accommodations or facilities, they shall be made available for
            the handicapped.
15
     69.    Health & Safety Code §19956, which appears in the same chapter as §19955,
16
   provides in pertinent part, "accommodations constructed in this state shall conform to the
17
   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
   Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
   public accommodations constructed or altered after that date.  On information and belief, portions
20
   of the DEPOT GARDEN CAFE and/or of the building(s) were constructed and/or altered after
21
   July 1, 1970, and substantial portions of the DEPOT GARDEN CAFE and/or the building(s) had
22
   alterations, structural repairs, and/or additions made to such public accommodations after July 1,
23
   1970, thereby requiring said DEPOT GARDEN CAFE and/or building to be subject to the
24
   requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration,
25
   structural repairs or additions per Health & Safety Code §19959.
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    70.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4  Regulations and these regulations must be complied with as to any alterations and/or
5  modifications of DEPOT GARDEN CAFE and/or the building(s) occurring after that date.
6  Construction changes occurring prior to this date but after July 1, 1970 triggered access
7  requirements pursuant to the "ASA" requirements, the American Standards Association
8  Specifications, A117.1-1961.  On information and belief, at the time of the construction and
9  modification of said building, all buildings and facilities covered were required to conform to
10  each of the standards and specifications described in the American Standards Association
11  Specifications and/or those contained in Title 24 of the California Building Standards Code.

12    71.    Restaurants such as the DEPOT GARDEN CAFE are "public accommodations or
13  facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14    72.    As a result of the actions and failure to act of defendants, and as a result of the
15  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
16  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
17  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
18  public facilities.

19    73.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
20  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
21  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
22  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
23  and to take such action both in plaintiffs' own interests and in order to enforce an important right
24  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all
25  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
26  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
27  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

2   3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

3   party.

4        74.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

5   them, to make the subject place of public accommodation readily accessible to and usable by

6   persons with disabilities.

7        Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

8  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
       EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
9      **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
       SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
10     (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
       ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
11     California public benefit corporation, and Against Defendants FRANK ANNICELLI;
       NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN
12     CAFÉ inclusive)
       (Civil Code §51, 51.5)
13
         75.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
14
     allegations contained in paragraphs 1 through 74 of this complaint.
15
         76.    Defendants' actions and omissions and failure to act as a reasonable and prudent
16
     public accommodation in identifying, removing and/or creating architectural barriers, policies,
17
     practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
18
     Unruh Act provides:
19
              This section shall be known, and may be cited, as the Unruh
20       Civil Rights Act.

21            All persons within the jurisdiction of this state are free and
         equal, and no matter what their sex, race, color, religion, ancestry,
22       national origin, or **disability** are entitled to the full and equal
         accommodations, advantages, facilities, privileges, or services in all
23       business establishments of every kind whatsoever.

24            This section shall not be construed to confer any right or
         privilege on a person that is conditioned or limited by law or that is
25       applicable alike to persons of every sex, color, race, religion,
         ancestry, national origin, or **disability.**
26  ///

27  ///

28  ///

1
2
3
4
5

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

6
7

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

8
9
10
11
12

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

13
14

77.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

15
16
17
18

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

19
20

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

21
22
23
24
25
26

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1   78.   Defendants' acts and omissions as specified have denied to plaintiffs full and equal
2   accommodations, advantages, facilities, privileges and services in a business establishment, on the
3   basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
4   Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
5   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
6   shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
7   their above cause of action for violation of the Americans with Disabilities Act at §45, *et seq*., as
8   if repled herein.

9   79.   As a legal result of the violation of plaintiff PATRICK CONNALLY's civil rights
10  as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages, bodily
11  injury on or about November 28, 2007 (including, but not limited to, fatigue, stress, strain and
12  pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through
13  architectural barriers. Specifically, as a legal result of defendants negligence in the design,
14  construction and maintenance of the existing unisex restroom with a table blocking the rear grab
15  bar and causing a dangerous transfer situation, plaintiff suffered continuous, repetitive and
16  cumulative trauma to his extremities while attempting to conduct a front pivot transfer from his
17  wheelchair to the water closet.

18  80.   Further, plaintiff PATRICK CONNALLY suffered physical injury, emotional
19  distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and
20  costs). Plaintiffs PATRICK CONNALLY and DREES are entitled to the rights and remedies of
21  §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil
22  Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs,
23  as is allowed by statute, according to proof if deemed to be the prevailing party.

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive, to make the DEPOT GARDEN CAFE, located at 718 "B" Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants FRANK ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive, to make the DEPOT GARDEN CAFE, located at 718 "B" Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1      2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2  each occasion on which plaintiffs were deterred from returning to the subject public

3  accommodation.

4      3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

5  §1021.5, if plaintiffs are deemed the prevailing party;

6      4.    Treble damages pursuant to Civil Code §54.3;

7      5.    For all costs of suit;

8      6.    Prejudgment interest pursuant to Civil Code §3291;

9      7.    Such other and further relief as the court may deem just and proper.

10 **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

11 **AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants FRANK

12 ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive),

13 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

14     1.    General and compensatory damages according to proof.

15 **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**

16 **§19955, *ET. SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS

17 ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FRANK ANNICELLI;

18 NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive)

19 (Health & Safety code §19955, *et seq.*)

20     1.    For injunctive relief, compelling defendants FRANK ANNICELLI; NAM DOO

21 CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN CAFE, inclusive, to

22 make the DEPOT GARDEN CAFE, located at 718 "B" Street, San Rafael, California, readily

23 accessible to and usable by individuals with disabilities, per state law.

24     2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

25 and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     3.     For all costs of suit;

2     4.     For prejudgment interest pursuant to Civil Code §3291;

3     5.     Such other and further relief as the court may deem just and proper.

4  **V.     PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
        FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
5     **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
        CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
6     (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
        ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
7     California public benefit corporation and Against Defendants FRANK ANNICELLI;
        NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba DEPOT GARDEN
8     CAFE, inclusive)
        (California Civil Code §§51, 51.5, *et seq.*)

9
        1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and
10
   for each occasion on which plaintiffs were deterred from returning to the subject public
11
   accommodation;
12
        2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the
13
   prevailing party;
14
        3.     Treble damages pursuant to Civil Code §52(a);
15
        4.     For all costs of suit;
16
        5.     Prejudgment interest pursuant to Civil Code §3291; and
17
        6.     Such other and further relief as the court may deem just and proper.
18

19
   ///
20
   ///
21
   ///
22
   ///
23
   ///
24
   ///
25
   ///
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
**FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
**CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3  (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants FRANK
ANNICELLI; NAM DOO CHUNG and NAN KWANG CHUNG, individuals dba
4  DEPOT GARDEN CAFE, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

5
      1.    General and compensatory damages to plaintiff PATRICK CONNALLY according
6
   to proof.
7

8  Dated: _____, 2008         THOMAS E. FRANKOVICH
9                                        *A PROFESSIONAL LAW CORPORATION*

10

11                         By: _____
                                THOMAS E. FRANKOVICH
12                              Attorneys for Plaintiffs PATRICK CONNALLY and
                                DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
13                              SERVICES:HELPING YOU HELP OTHERS, a California
                                public benefit corporation
14

15                    **DEMAND FOR JURY TRIAL**

16       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

17  Dated: _____, 2008         THOMAS E. FRANKOVICH
                                         *A PROFESSIONAL LAW CORPORATION*
18

19

20                         By: _____
                                THOMAS E. FRANKOVICH
21                              Attorneys for Plaintiffs PATRICK CONNALLY and
                                DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
22                              SERVICES:HELPING YOU HELP OTHERS, a California
                                public benefit corporation

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

March 13, 2008

Manager
Depot Garden Restaurant
718 B St.
San Rafael, CA 94901

Dear Manager of Depot Garden Restaurant:

Recently I visited the Depot Garden Restaurant. As I use a wheelchair, I had problems with the front entrance. There is a step and you can't wheel in. You need a sign that directs you to the side entrance. Then you need to fix the gate so a wheelchair user can get in. The rear door opens from the outside patio must be open so you can get in. Lastly, the restroom is big but please don't put furniture in it. That blocks access to the toilet. Check out the rest of the restroom to be sure it is usable by everyone. The sink in the cabinet is a problem!

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Depot Garden Restaurant once it's accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Patrick Connally



Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

March 13, 2008

Owner of Building
Depot Garden Restaurant
718 B St.
San Rafael, CA 94901

Dear Owner of Building for Depot Garden Restaurant:

Recently I visited the Depot Garden Restaurant. As I use a wheelchair, I had problems
with the front entrance. There is a step and you can't wheel in. You need a sign that directs you
to the side entrance. Then you need to fix the gate so a wheelchair user can get in. The rear door
opens from the outside patio must be open so you can get in. Lastly, the restroom is big but
please don't put furniture in it. That blocks access to the toilet. Check out the rest of the
restroom to be sure it is usable by everyone. The sink in the cabinet is a problem!

I would really appreciate it if you would give me written assurance within the next two
weeks that you will take care of these problems within the next three months. I'd like a written
agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like
to come back to Depot Garden Restaurant once it's accessible to me. I may still come back
before you do the work just because I like the place. Would you please reply to my letter by
FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you
need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the
federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and
ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or
have someone do it for you. You could also get a list of barriers common to places like yours
and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees,
that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can
get information on this from the two places I mentioned above. You should talk to your
accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Patrick Connally

AO 440 (Rev. 10/93) SLIMM011S in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PATRICK CONNALLY, an individual; and DISABILITY
RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
HELPING YOU HELP OTHERS, a California public
benefit corporation,

E-filing

SUMMONS IN A CIVIL CASE

CASE NUMBER: _____

V.

DEPOT GARDEN CAFE; FRANK ANNICELLI; NAM
DOO CHUNG and NAN KWANG CHUNG, individuals
dba DEPOT GARDEN CAFE,

CV 08          2292

TO:

See service list attached



EMC

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

MAY    2 2008

_____
CLERK

_____
DATE

MARY ANN BUCKLEY

_____
(BY) DEPUTY CLERK

1 | THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 | *A Professional Law Corporation*
2806 Van Ness Avenue
3 | San Francisco, CA 94109
Telephone:    415/674-8600
4 | Facsimile:    415/674-9900

5 | Attorneys for Plaintiffs PATRICK CONNALLY
and DISABILITY RIGHTS
6 | ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
7 | HELP OTHERS

ORIGINAL

8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | PATRICK CONNALLY, an individual; and ) **CASE NO.**
DISABILITY RIGHTS, ENFORCEMENT, ) **Civil Rights**
12 | EDUCATION, SERVICES:HELPING YOU)
HELP OTHERS, a California public benefit ) **COMPLAINT FOR INJUNCTIVE RELIEF**
13 | corporation, ) **AND DAMAGES:**

14 |         Plaintiffs, ) **1st CAUSE OF ACTION:** For Denial of Access
) by a Public Accommodation in Violation of the
15 | v. ) Americans with Disabilities Act of 1990 (42
) U.S.C. §12101, *et seq.*)
16 | DEPOT GARDEN CAFE; FRANK )
ANNICELLI; NAM DOO CHUNG and ) **2nd CAUSE OF ACTION:** For Denial of Full
17 | NAN KWANG CHUNG, individuals dba ) and Equal Access in Violation of California
DEPOT GARDEN CAFE, ) Civil Code §§54, 54.1 and 54.3
18 | )
        Defendants. ) **3rd CAUSE OF ACTION:** For Denial of
19 | _____ ) Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*
20 |
**4th CAUSE OF ACTION:** For Denial of
21 | Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
22 | Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)
23 |

24 |

25 | **DEMAND FOR JURY**

26 |

27 |

28 |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## SERVICE LIST

## Patrick Connally, et al. v. Depot Garden Cafe, et al.
Case no.

Frank Annicelli
304 Marin Ave
Mill Valley, CA 94941

Nan Kwang Chung
Nam Doo Chung
718 B Street
San Rafael, CA 94901